**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4701**

———————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JAMIEO SIMPSON,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:04-cr-00130-FDW-DSC-1)

———————————

Submitted: May 20, 2016                    Decided: June 2, 2016

———————————

Before WILKINSON and GREGORY, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamieo Simpson appeals from the district court's judgment revoking his probation and sentencing him to 48 months' imprisonment and 3 years of supervised release. On appeal, Simpson argues that his 48-month sentence is substantively unreasonable. We affirm.

This court "will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise 'plainly unreasonable.'" United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015) (quoting United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006)) (addressing sentences resulting from revocation of supervised release); see United States v. Moulden, 478 F.3d 652, 655 (4th Cir. 2007) (explaining that probation revocation sentences, like sentences resulting from revocation of supervised release, are reviewed to determined whether they are "plainly unreasonable"). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). In making such a determination, "we strike a more deferential appellate posture than we do when reviewing original sentences." Padgett, 788 F.3d at 373 (internal quotation marks omitted).

"Nonetheless, the same procedural and substantive considerations that guide our review of original sentences

inform our review of revocation sentences." Id. (internal quotation marks and alteration omitted). A probation revocation sentence is procedurally reasonable if the district court has considered the Guidelines' Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors, see 18 U.S.C. § 3565(a) (2012); Moulden, 478 F.3d at 656, and has adequately explained the sentence chosen, although it need not explain the sentence in as much detail as when imposing an original sentence. Thompson, 595 F.3d at 547. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found unreasonable will we decide whether it is "plainly" so. Moulden, 478 F.3d at 657. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Crudup, 461 F.3d at 439.

Simpson contends that his 48-month revocation sentence is substantively unreasonable because the district court punished him for his violative behavior in committing second-degree murder rather than for his breach of trust in violating the terms of his probation. In Simpson's view, there was no justifiable reason that existed to support the imposition of an upward departure from the advisory policy statement range of 24

3

to 30 months' imprisonment, and his sentence is greater than necessary to achieve the purposes of sentencing in his case.

The nature and circumstances of Simpson's violative conduct in committing the murder and the murder's place in Simpson's criminal history, however, were matters properly considered by the district court in imposing the 48-month sentence. See 18 U.S.C. §§ 3553(a)(1), 3565(a). Additionally, contrary to Simpson's assertion, the record makes clear that the district court imposed the 48-month term in light of these matters and the need for the sentence to sanction Simpson's breach of trust, as it was permitted to do. See U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Further, in light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), and the deferential posture this court takes in reviewing the imposition of a revocation sentence, Padgett, 788 F.3d at 373, we refuse to substitute our judgment for the district court's that the 48-month sentence achieved the purposes of sentencing in Simpson's case. See United States v.

4

Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole).  We therefore conclude that the revocation sentence is not substantively unreasonable and affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED